STATE OF MINNESOTA

IN SUPREME COURT

A25-0017

Minnesota Voters Alliance, et al.,

Petitioners,

Republican Party of Minnesota,

Petitioner,

vs.

Timothy Walz, in his official capacity as
Governor of the State of Minnesota, et al.,

Respondents,

Tracy West, in her official capacity as County
Auditor of Ramsey County, Minnesota, et al.,

Respondents.

PER CURIAM.

O R D E R

On January 4, 2025, petitioners Minnesota Voters Alliance, Greg Ryan, Chris

Bakeman, and the Republican Party of Minnesota filed a petition under Minn. Stat.

§ 204B.44 (2024), against respondents Timothy Walz, in his official capacity as Governor

of the State of Minnesota, and Steven Simon, in his official capacity as Secretary of State

of the State of Minnesota (the State Respondents); as well as against Ramsey County and Ramsey County officials (the Ramsey County Respondents). Petitioners claim that the Governor prematurely and unlawfully issued a writ of special election for Minnesota House District 40B on December 27, 2024, setting a special election for January 28, 2025. Petitioners ask that we quash the writ and cancel the special election. After full briefing, we heard oral argument on this matter on January 15, 2025.

This action relates to the writ of special election for Minnesota House District 40B issued by Governor Walz on December 27, 2024. At the November 2024 general election, Curtis Johnson was elected for the first time to House District 40B. An election contest under Minn. Stat. §§ 209.02, 209.10 (2024) was brought, alleging that Johnson did not meet the residency requirement to serve as the representative for that district. On December 20, 2024, the district court issued its decision in the election contest, issuing findings, conclusions, and an order against Johnson. On December 27, 2024, Johnson sent a letter to the Governor, stating that "I have made the difficult decision not to accept my seat in the Minnesota House of Representatives and to resign from the Office of State Representative effective immediately and irrevocably." Later that day, the Governor issued a Writ of Special Election, stating that "[t]here is a vacancy in the office of State Representative for District 40B of the State of Minnesota, caused by the resignation of Representative-elect Curtis Johnson, effective immediately." The writ set a special election for January 28, 2025. The writ also required that affidavits of candidacy and nominating petitions must be filed on Tuesday, December 31, 2024, by 5:00 p.m. that day.

2

Petitioners challenge the writ as issued prematurely. Petitioners maintain that due to the district court's decision against Johnson in the election contest, the issuance of the writ of special election here is governed by Minn. Stat. § 204D.19, subd. 4 (2024), which provides:

> If a vacancy results from a successful election contest, the governor shall issue 22 days after the first day of the legislative session a writ calling for a special election unless the house in which the contest may be tried has passed a resolution which states that it will or will not review the court's determination of the contest. If the resolution states that the house will not review the court's determination, the writ shall be issued within five days of the passage of the resolution.

Under this subdivision, a writ of special election could not issue until sometime after the start of the legislative session, which began on January 14, 2025, with the specific date for the writ's issuance depending on any actions by the House.

The State Respondents argue that the writ was not issued prematurely. They assert that Johnson's December 27, 2024 letter makes Minn. Stat. § 204D.19, subd 4, "irrelevant" here and instead argue that under other statutes, Johnson's letter permitted the writ to issue on December 27, 2024.

We conclude that Minn. Stat. § 204D.19, subd. 4, is not "irrelevant"; it controls the issuance of a writ of special election here. Under Minn. Stat. § 204D.19, subd. 4, the writ of special election for House District 40B was issued prematurely and therefore must be quashed. We do not decide, however, whether under Minn. Stat. § 204D.19, subd. 4, the

House has passed a resolution which states that it will or will not review the court's determination of the contest.[1]

Petitioners also allege that the candidate filing period in the writ contravened the notice requirements in Minn. Stat. § 204D.22. The State Respondents dispute the notice statute's effect on the writ. Because the writ of special election issued on December 27, 2024, must be quashed as premature, we decline to address whether the writ issued on that date violated the notice requirements in Minn. Stat. § 204D.22.

All respondents also argue that the petition is barred by laches. The Ramsey County Respondents highlighted the significant expenditures they have incurred so far in terms of both staff hours and money and that will need to be incurred again if the date of the special election is changed, and that absentee voting in the special election began on January 10, 2025. Laches is an equitable doctrine applied to "prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay." *Winters v. Kiffmeyer*, 650 N.W.2d 167, 169 (Minn. 2002) (citation omitted) (internal quotation marks omitted). Under the unique circumstances of this case, we conclude that there was not unreasonable delay and thus that the petition is not barred by laches.

---

[1]    We will be hearing oral argument on two petitions for writs of quo warranto on January 23, 2025, regarding the propriety of actions taken in the Minnesota House of Representatives on January 14, 2025, including whether there was a quorum of the House. *See Simon v. Demuth*, No. A25-0066; *Hortman v. Demuth*, No. A25-0068.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The petition of Minnesota Voters Alliance, Greg Ryan, Chris Bakeman, and Republican Party of Minnesota is granted.

2.    The writ of special election for House District 40B, issued on December 27, 2024, is quashed as having been issued prematurely.

3.    Respondents must take all steps necessary to cancel the special election for House District 40B that the quashed writ set for January 28, 2025.

4.    Any absentee ballots already cast or that are delivered or mailed to Ramsey County for the January 28, 2025 special election for House District 40B are specific only to that now-cancelled election and must not be counted for any future special election for House District 40B.

5.    So as not to impair the orderly election process, this order is issued with an opinion to follow.

Dated:  January 17, 2025


PROCACCINI, J., took no part in the consideration or decision of this case.